United States District Court
Southern District of Texas
**ENTERED**
July 05, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JULIAN DE LA GARZA-ZUNIGA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-52 |
| | § | Criminal No. 1:13-553-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 8, 2016, Petitioner Julian De La Garza-Zuniga ("De La Garza-Zuniga") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS.  After reviewing the record and relevant case law, the Court **RECOMMENDS** De La Garza-Zuniga's motion be **DENIED** because his petition is factually and legally meritless on its face.

### I. Procedural and Factual Background

On July 2, 2013, a federal grand jury – sitting in Brownsville, Texas, – indicted De La Garza-Zuniga for illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. §§1326(a) and 1326(b)(1). U.S. v. De La Garza-Zuniga, Criminal No. 1:13-553-1, Dkt. No. 6 (hereinafter "CR").

#### A. Rearraignment

On August 15, 2013, De La Garza-Zuniga appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 13.  That same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept De La Garza-Zuniga's guilty plea. Id.

Case 1:16-cv-00052   Document 5   Filed in TXSD on 07/05/16   Page 2 of 8


### B. Sentencing

In the final presentence report ("PSR"), De La Garza-Zuniga was assessed a base offense level of eight for unlawfully entering the United States. CR Dkt. No. 18, p. 5.  De La Garza-Zuniga was also assessed an additional eight-level enhancement because he had three prior aggravated felonies. Id.  Those included a 1992 conviction for delivery of a controlled substance and two prior convictions for illegal re-entry – one from 2005 and one from 2009. Id.  De La Garza-Zuniga received a three-level reduction for acceptance of responsibility. Id.  Thus, De La Garza-Zuniga was assessed a total offense level of 13.

Regarding his criminal history, De La Garza-Zuniga had 11 adult criminal convictions and was assessed 8 criminal history points. CR Dkt. No. 18, p. 6-12.  De La Garza-Zuniga was assessed an additional two criminal history points because he was on supervised release, at the time that he committed the instant offense. Id., p. 12  This resulted in a criminal history category of V. Id.  Based upon De La Garza-Zuniga's offense level of 13 and criminal history category V, the presentence report identified a guideline sentencing range of 30 to 37 months of imprisonment. Id., p. 16.

On November 18, 2013, the District Court adopted the Magistrate Judge's report and recommendation, accepting De La Garza-Zuniga's guilty plea. CR Dkt. No. 23.  That same day, the District Court sentenced De La Garza-Zuniga to 33 months of imprisonment, 3 years of supervised release – without supervision – and a $100 special assessment, which was remitted. CR Dkt. No. 25.  The judgment was entered on December 6, 2013. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment.  See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, De La Garza-Zuniga's deadline for filing a notice of appeal passed on December 20, 2013. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On March 8, 2016, De La Garza-Zuniga timely[1] filed a motion pursuant to 28 U.S.C.

---

[1] Section 2255(f)(3) provides for a one-year statute of limitation period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been

§ 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  In his motion, De La Garza-Zuniga asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 5.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

## II. Applicable Law

### A. Section 2255

De La Garza-Zuniga seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, F.3d 592, 595 (5th Cir. 2001).  A petitioner who seeks to challenge a final conviction can do so on constitutional or jurisdictional grounds, or by collateral attack. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that

---

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal." See also Dodd v. U.S., 545 U.S. 353, 359 (2005) (the one-year limitation period runs from the date on which it initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable to cases on collateral review). Johnson was decided on June 26, 2015. De La Garza-Zuniga filed his appeal within one-year from the date which Johnson was decided. Therefore, the appeal is timely.

the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, a district court may deny a § 2255 motion without an evidentiary holding "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992)  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing De La Garza-Zuniga's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying this standard, neither the record – nor the law – support De La Garza-Zuniga's claim.

### A.  Johnson is Inapplicable

De La Garza-Zuniga asserts that he is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551(2015).  In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA imposes a 15-year mandatory minimum term of imprisonment upon anyone who violates § 922(g), having three or more earlier convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added).  The just listed and emphasized portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning

4

that the  residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by De La Garza-Zuniga, none of it applies to his  case. De La Garza-Zuniga was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, he was convicted for violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 5. Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 18.  Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not provide De La Garza-Zuniga with a vehicle to relief.

### B. <u>Gonzalez-Longoria Affords No Relief</u>

De La Garza-Zuniga makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in <u>Johnson</u> applies equally to the term "crime of violence" as defined by 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defined a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue in <u>U.S. v. Gonzalez-Longoria,</u> 813 F.3d 225 (5th Cir. 2016).  There, the panel held the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against imprecise standard." <u>Gonzalez</u>, 813 F.3d at 235.  Any relief that De La Garza-Zuniga may have found in that decision was short-lived; the panel opinion was withdrawn and <u>Gonzalez-</u>

Longoria is pending consideration en banc.[2]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3.  When a court decision is vacated, its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no precedential value whatsoever.

Moreover, even if the pending Fifth Circuit en banc decision upholds the panel decision of Gonzalez-Longoria, it has no effect in the instant petition, because De La Garza-Zuniga's sentence was not enhanced for a "crime of violence" under 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16(b). See CR Dkt. No. 18, p. 5.  Instead, he received an "enhanced" sentence as a result of his prior convictions for committing three "aggravated felonies," not a "crime of violence."  The two are substantively different and the analysis in Johnson is not applicable to De-La Garza-Zuniga's case.

An examination of De La Garza-Zuniga's sentence clearly shows that there was no error.  Pursuant to U.S.S.G. §§ 2L1.2(b)(1)(C), an eight level enhancement was added to De La Garza-Zuniga's offense level, because he had three prior aggravated felony convictions: two prior illegal re-entry convictions and one prior drug trafficking conviction.  Each of these convictions are defined by the statute, not by reference to a residual "crime of violence" provision.

As relevant here, the "illicit trafficking of a controlled substance" is expressly defined as an aggravated felony. 8 U.S.C. § 1101(a)(43)(B).  Furthermore, illegally re-entering the United States after committing an aggravated felony is also expressly defined as an aggravated felony. 8 U.S.C. § 1101(a)(43)(O).  The Court notes that De La Garza-Zuniga's

---

[2] 813 F.3d 225 (5th Cir. 2016), reh'g en banc ordered, 815 F.3d 189 (discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague).

drug trafficking conviction predates his two prior illegal re-entry convictions. CR Dkt. No. 18, p. 5.  Neither of these statutory provisions – which expressly define certain offenses that constitute "aggravated felonies" for purposes of sentencing – contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in <u>Johnson</u> or <u>Gonzalez-Longoria.</u> <u>See</u> 8 U.S.C. § 1101(a)(43)(B); 8 U.S.C. § 1101(a)(43)(O).

Thus, De La Garza-Zuniga's reliance on <u>Johnson</u> and its progeny is factually and legally misplaced.  For those reasons, his claim is meritless and should be denied. [3]

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Julian De La Garza-Zuniga's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. <u>Id</u>. at 327; <u>Moreno v. Dretke</u>, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may <u>sua sponte</u> rule on a COA because the court that denies relief to a petitioner is in the best position to

---

[3] It is possible that De La Garza-Zuniga may have intended to assert an ineffective assistance of counsel claim. Dkt. No. 1, p. 5.  That claim would seem to be the based upon De La Garza-Zuniga's counsel's failure to raise the <u>Johnson</u> and <u>Gonzalez-Longoria</u> arguments at sentencing. De La Garza-Zuniga was sentenced on November 18, 2013. CR Dkt. No. 25.  <u>Johnson</u> was not decided until June 2015 and the panel decision in <u>Gonzalez-Longoria</u> was not issued until 2016. Both cases were issued substantially after De La Garza-Zuniga was sentenced.  Counsel is not expected to be clairvoyant and cannot be found ineffective for failing to anticipate changes in the law. <u>U.S. v. Chapa</u>, 181 F.3d 96, *7 n. 21 (5th Cir. 1999) (collecting cases). Thus, there is no basis for an ineffective assistance of counsel claim.

determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing De La Garza-Zuniga's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although De La Garza-Zuniga's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. <u>See</u> § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on July 5, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge

8